**Ervin GIBSON, et al., Plaintiffs**

v.

**Leon H. GINSBERG, et al., Defendants.**

No. CIV.A. 78–2375.

United States District Court, S.D. West Virginia.

Aug. 2, 1996.

Reconsideration Denied, Oct. 8, 1996.

J. Benjamin Dick, Charlottesville, VA, George D. Beter, Huntington, WV, for Plaintiffs.

Jan L. Fox, Kelly R. Reed, Steptoe & Johnson, Charleston, WV, for Defendants.

### *ORDER*

COPENHAVER, District Judge.

On February 20, 1996, Judith A. Gleichauf, Joseph A. Gleichauf and Katrina Gleichauf Jefferson filed a document in the above-styled civil action captioned "MOTION AND PETITION FOR CONTEMPT AND EQUITABLE, LEGAL, AND FURTHER RELIEF UNDER THE PRIOR ORDERS OF THIS COURT ON BEHALF OF THE CLASS MEMBERS JUDITH A. GLEICHAUF, JOSEPH A. GLEICHAUF, AND KATRINA GLEICHAUF JEFFERSON; AND TO ENFORCE THE SAID ORDERS, DECREES OF THIS COURT AND FOR

VINDICATION OF THE POWER OF THIS COURT AND THE RIGHTS AND LIBERTY INTERESTS OF PETITIONERS; AND PRAYER FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES PURSUANT TO RULE 56 AND 57 OF FRCP, AND PER 28 USC 2201–2, 1343 ET SEQ., 1331, 1983. AGAINST THE CLASS DEFENDANTS ABOVE."

On May 20, 1996, defendant Leon H. Ginsberg, and Liz Rhodes and Joyce McCormick Arthur[1] filed a response to the motion/petition and a motion to dismiss it. Defendants contended, *inter alia,* that the Gleichaufs had failed to move to reopen this case, which was closed on December 7, 1981. In a subsequent document filed on June 4, 1996, the Gleichauf's moved to reopen the case.

A review of the sixty-two page document filed by the Gleichaufs reveals that they seek to recover for damages allegedly sustained by the family when Katrina, the daughter of Judith and Joseph Gleichauf, was removed from the custody of her parents in proceedings initiated by Katrina, then age sixteen, in the Circuit Court of Cabell County, West Virginia, in 1980 under Civil Action No. 80 2126. According to the Gleichaufs, the orders of the Cabell County Circuit Court were in violation of orders entered in this class action suit. They seek redress in the form of monetary damages and other relief as members of the class protected by those orders.

The class subject to the court's orders in the above-styled civil action is defined to include:

All children and their parents and legal guardians who are residents of the State of West Virginia who are now or will in the future be the subject of abuse or neglect proceedings in which the State of West Virginia through any of these defendants or their successors seeks to terminate or otherwise affect custodial rights to the children.

(Consent Decree entered Sept. 28, 1981, at 2.) The relief obtained in the case was directed to procedures to be followed by the State in the effectuation of temporary custody of a child without parental consent under Chapter 49, Article 6 of the West Virginia Code, which governs procedure in cases of child neglect or abuse. .(*See, e.g., id.* at pp. 4–7.)

The proceeding through which Katrina was removed from the custody of her parents was a petition initiated by Katrina Marie Gleichauf, an infant, by her next friend, Julie Larson, against her parents. (Defs.' Ex. 2.) The petition was filed while Katrina was in the custody of her mother following her parents' divorce in May of 1980. In her petition, Katrina alleged that the environment in her mother's home was not satisfactory in several respects and that her father lacked the interest and ability to care for her. (*Id.* at V.) She asked that she be removed from the custody of her mother and allowed to live with Dan and Julie Larson.

By order entered on August 25, 1980, temporary custody of Katrina was awarded to the West Virginia Department of Welfare, with the understanding that she would reside with the Larsons until she chose to return home, or until the Department should determine that the Larson home was not appropriate, or until further order of the court. (Gleichauf Attach. F, Order of Aug. 25, 1980.) A writ of prohibition was filed and by order entered on September 16, 1980, the West Virginia Supreme Court of Appeals denied the writ, finding that the circuit court did not abuse its power or its discretion in granting temporary custody of Katrina to the Department of Welfare. (Defs.' Ex. 7.) In particular, the court noted that although the circuit court purported to act under the neglect provisions of section 49–6–1 of the West Virginia Code, its actions were properly reviewed under section 48–2–15[2] and would be

---

**1.** Rhodes and McCormick Arthur are not defendants in this action but are named by the Gleichaufs in their motion/petition, as are Gretchen Lewis, the successor of Commissioner Ginsberg, and the Cabell County Social Service Department.

**2.** It is seen that § 48–2–15 governs divorce proceedings and provides, *inter alia,* that upon ordering a divorce, "[t]he court may provide for the custody of minor children of the parties, subject to such rights of visitation, both in and out of the residence of the custodial parent or other persons or persons having custody, as may

upheld on that basis. (*Id.*) Thereafter, by order entered on June 17, 1981, the court found that efforts to reconcile Katrina with her parents were to no avail and it was appropriate to "terminate custodial rights of the parents" and grant custody of Katrina to the Department of Welfare to be placed in a foster home. (Gleichauf Attach. F, Order of June 17, 1981.) Katrina remained in the custody of the Department until she reached the age of majority.

From a review of the petition and orders in the state court proceedings, it is apparent for two reasons that the Gleichaufs are not members of the class affected by the orders entered in the above-styled civil action. First, it is seen that the state court action in which custody of Katrina was given to the Department was a petition initiated by Katrina herself, not by the State. Secondly, as noted by the West Virginia Supreme Court of Appeals, the circuit court was acting properly in deciding the custody issue inasmuch as section 48–2–15 granted the court continuing jurisdiction, after a divorce, "for the purpose of determining with which of the parents or other proper person the child should remain, considering the circumstances of the parties and the needs of the child." (Defs.' Ex. 7 at 2.) Consequently, the abuse or neglect statutory framework at issue in this action was not utilized in removing Katrina from the custody of her mother.

Inasmuch as the custody proceedings complained of by the Gleichaufs were not initiated by the State and were not governed by the procedures for abuse and neglect at issue in this action, the Gleichaufs are not members of the class protected by the orders entered in this action. They have no standing to seek relief under the auspices of the consent decree or other orders entered in this action.

It is accordingly **ORDERED** that the Gleichaufs' motion to reopen this case be, and it hereby is, denied; that defendants' motion to dismiss be, and it hereby is, granted; and that the petition/motion filed by Judith A. Gleichauf, Joseph A. Gleichauf, and Katrina

Gleichauf Jefferson on February 20, 1996, be, and it hereby is dismissed.

The Clerk is directed to forward copies of this order to all counsel of record and to counsel for the Gleichaufs.

### ORDER

This matter is before the court on the motion for rehearing filed by Judith Gleichauf, Joseph Gleichauf and Katrina Gleichauf Jefferson on August 7, 1996. In the alternative, the Gleichaufs ask that the court convert their February 20, 1996, motion for relief to a complaint. The Gleichaufs also request oral argument on their motion for rehearing and an order sealing certain documents submitted by the defendants in support of their May 20, 1996, motion to dismiss.

The Gleichaufs seek reconsideration of the court's order of August 2, 1996, denying their motion to reopen this case for the purpose of seeking relief from the defendants and others for wrongs allegedly suffered by the family. The August 2, 1996, order also granted the defendants' motion to dismiss the claims of the Gleichaufs. The denial of the relief sought by the Gleichaufs was based on the court's conclusion that they are not members of the class protected by the orders entered in this action. (Ord. Aug. 2, 1996, at 5.)

The court treats the pending motion as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Three grounds for altering or amending an earlier judgment under Rule 59(e) have been recognized by the Fourth Circuit Court of Appeals. *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993). The motion may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.*

In their motion for reconsideration, the Gleichaufs do not claim an intervening change in controlling law, do not submit new evidence,[1] and do not otherwise raise matters

---

be appropriate under the circumstances." § 48–2–15(b)(1).

1. With their motion, the Gleichaufs presented a sealed envelope which they state contains family portraits. The portraits were submitted for the

which would reasonably alter the results reached in the August 2, 1996, order. Moreover, the court is persuaded that its August 2, 1996, order is not based on a clear error of law and does not result in a manifest injustice to the Gleichaufs. The Gleichaufs' motion for rehearing should be denied.

It is accordingly **ORDERED** that the Gleichaufs' motion for rehearing be, and it hereby is, denied.

For reasons appearing to the court, it is further **ORDERED** that:

1. Inasmuch as oral argument would not aid the decisional process, the Gleichaufs' request for oral argument on their motion for reconsideration be, and it hereby is, denied.

2. The Gleichaufs' motion to convert their February 20, 1996, motion to a complaint be, and it hereby is, denied.

3. The Gleichaufs' motion to seal documents submitted by the defendants in support of their May 20, 1996, motion to dismiss be, and it hereby is, denied, there being no showing that the documents contain information warranting the protection of a court seal.

The Clerk is directed to forward copies of this order to all counsel of record and to counsel for the Gleichaufs.

purported purpose of demonstrating that "they were in fact a family, parent and child, when all events from 1980–1983 were unjustly and unlawfully inflicted by the class defendants." (Pet. to Rehear. at p. 2, ¶ 2.) The envelope remains sealed inasmuch as family portraits are neither new evidence not earlier available nor evidence which would reasonably have changed the court's ruling if earlier been presented. On request, the envelope will be returned to the Gleichaufs.